## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ALFRED W. THORNTON, JR.**

                                *

    **Petitioner**

                                *          **CIVIL ACTION NO. GJH-15-914**

         **v.**                              **CRIMINAL NO. GJH-91-0172**

                                *

**UNITED STATES OF AMERICA**

                                *

    **Respondent**

### MEMORANDUM OPINION

On March 27, 2015, Alfred W. Thornton, Jr., a resident of Gloucester, Virginia, filed a letter seeking to expunge a 1991 criminal conviction.  Mr. Thornton pleaded guilty to one count of embezzlement under 29 U.S.C. § 501(e) involving money taken from a labor union fund for which he was sentenced to three years of incarceration.  *See* Criminal Docket, entry of July 25, 1991.  Mr. Thornton apologizes, asks forgiveness, and seeks expunction so he can "leave this planet with a feeling that I have paid my debt to society."  ECF No. 1.

There is no federal statute or regulation that gives district courts general authority to expunge convictions.   There are a handful of federal statutes that give district courts specific authority to expunge convictions, but those statutes apply only in very narrow circumstances, none of which is present here.  See  5 U.S.C. § 552a(d)(2) (2012) (allowing amendment of inaccurate public records); 18 U.S.C. § 3607(c) (2012) (allowing expungement of certain federal drug-possession offenses).

In the absence of an authorizing statute, a federal court has a limited equitable power to expunge convictions, and that power can be used only in "exceptional circumstances." *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *see also  United  States  v. Noonan*, 906 F.2d 952, 956–57 (3rd Cir. 1990) (explaining that "a federal court has the inherent power to expunge an

Case 8:15-cv-00914-GJH   Document 3   Filed 04/15/15   Page 2 of 3


arrest and conviction record," but that "granting such relief is confined to extreme circumstances"). Thus, courts have found that expungement of a conviction is appropriate if "necessary to preserve basic legal rights," *Shipp v. Todd*, 568 F.2d 133, 143 (9th Cir. 1978) (quoting *United States v. McMains*, 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or as a result of government misconduct, or when the record is simply inaccurate. *See Allen*, 742 F.2d at 154 (finding expungement inappropriate because the statute under which the defendant was tried was constitutional and there was no evidence of "irregularity" in the proceedings); *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986) (holding that a district court cannot expunge a conviction when "the validity of the original conviction is unquestioned"); *United States v. Gary*, 206 F. Supp. 2d 741, 741 (D. Md. 2002) (explaining that the court's power to expunge was "limited to [instances of] an unlawful arrest or conviction, or to correct a clerical error") (emphasis in original).

Another opinion issued in this district further provides guidance as to federal court jurisdiction over expunction motions and the authority to expunge. In *United States v. Steelwright*, 179 F. Supp.2d 567 (D. Md. 2002), then Magistrate Judge Paul W. Grimm surveyed the case law on the "special" circumstances that might warrant expunction where the sole basis alleged by defendant is that he or she seeks equitable relief. Judge Grimm noted that:

> Although a nebulous concept, "extreme or exceptional circumstances" has been characterized as occurring, for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a constitutional rights. *See United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir. 1990) ("Even were expunction within the powers of the magistrate [judge], which we doubt, no government misconduct or unconstitutionality, statutory or otherwise, has been alleged."); *Allen*, 742 F.2d at 155 (quoting *Schnitzer*, 567 F.2d at 539); *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) (expungement available when defendant claimed his arrest was unconstitutional); *Schnitzer*, 567 F.2d at 539; *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (arrest record expunged because sole purpose behind arrest was to harass civil rights workers). Exceptional circumstances also have been

demonstrated when the statute on which the arrest was based is subsequently found to be unconstitutional. *Kowall v. United States*, 53 F.R.D. 211 (W.D. MI. 1971). There is also some authority, including this district, suggesting that an "extreme circumstance" possibly may be demonstrated by showing that the defendant "had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records." *Stromick*, 710 F.Supp. at 614-615; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981) ("If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.").

*Steelwright*, 179 F. Supp.2d at 574.

The sole basis for expunction in this case lies in equity.  Mr. Thornton does not demonstrate that his arrest and conviction were unlawful or the result of clerical error.  In similar circumstances, other courts have declined to order expunction.  *See United States v. Janik*, 10 F.3d 470, 472–73 (10th Cir. 1993); *United States v. Howard*, 275 F.Supp.2d 260, 263 (N.D. N.Y. 2003); *United States v. Aigle*, 199 FSupp. 2d 5, 7 (E.D. N.Y. 2002); *see also United States v. Peralta*, 2006 WL 1804449, *2 (S.D. Ohio, June 28, 2006).  His request, therefore, shall be denied in a separate order entered in both the civil and criminal cases.

Dated: April 15, 2015                                   _____/s/_____
                                                        George J. Hazel
                                                        United States District Judge